UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 6:13-cr-53-Orl-28KRS

SHAWN ALAN MARSHALL

**UNITED STATES' RESPONSE IN OPPOSITION TO
MOTION TO RECONSIDER SENTENCE**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby respectfully opposes the defendant's motion to reconsider the sentence, and in support of its response in opposition, states the following:

1. On August 21, 2013, the Court held a sentencing hearing pursuant to the defendant's guilty plea to one count of sexual abuse of a minor by threat, in violation of 18 U.S.C. §§ 2242(1) and (7). The defendant requested a sentence below the guidelines range as calculated in his Presentence Investigation Report. The government, pursuant to a plea agreement, recommended a guidelines sentence. At the conclusion of the sentencing hearing, after considering argument and evidence presented by both sides, the Court imposed the statutory maximum sentence of life imprisonment. After the Court announced the sentence, the defendant objected on the grounds that the Court did not provide reasonable notice that it was contemplating a departure pursuant

to Fed. R. Crim. P. 32(h).  The defendant also raised procedural and substantive objections to the guidelines calculation and to the sentence imposed.

    2.  On August 21, 2013, following the sentencing hearing and at the direction of the Court, the defendant filed a motion to reconsider the sentence imposed.  The government opposes the defendant's motion on the grounds that no notice was required pursuant to Fed. R. Crim. P. 32(h), because the Court's decision to sentence the defendant above the applicable guidelines range was a variance based on the factors enumerated in 18 U.S.C. § 3553(a).

## MEMORANDUM OF LAW

As the Court is well aware, the guidelines range for the defendant was merely advisory and not binding on the Court.  See Booker v. United States, 543 U.S. 220 (2005).  The defendant was advised of this in his plea agreement.  Doc. 24 at 3.  As the defendant correctly states in his motion, in the Eleventh Circuit, a sentencing court is not required to give a defendant notice under Rule 32(h) when the decision to sentence a defendant above the guidelines range is a variance under § 3553(a) and not a departure.  See e.g. United States v. Irizarry, 458 F.3d 1208, 1211-12 (11th Cir. 2006); United States v. Eldick, 443 F.3d 783, 788 (11th Cir. 2006); and United States v. Savedra, 253 Fed. Appx. 7, 9 (11th Cir. 2007) (unpublished).  In determining whether a sentencing court's decision to sentence above the guidelines range is a departure or a variance, the Circuit considers two factors: (1) whether the sentencing court cited to a specific

departure provision in the guidelines; and (2) whether the court noted the inadequacy of the guidelines range. Eldick, 443 F.3d at 788; Savedra, 253 Fed.Appx. at 9.  In Irizarry, the Circuit determined that the sentencing court used a variance and not a guidelines departure because it (1) correctly calculated the advisory guidelines range, (2) considered the adequacy of the range in light of the § 3553(a) factors, and the evidence at sentencing, and (3) decided that the guidelines range did not adequately address the defendant's future risk to the public. Irizarry, 458 F.3d at 1211-12.

In this case, the Court properly calculated the guidelines range.  The defendant specifically objected to the five-level enhancement pursuant to U.S.S.G. § 4B1.5(b)(1).  A plain reading of U.S.S.G. § 4B1.5(b)(1) makes clear that this enhancement for engaging in a "pattern of activity involving prohibited sexual conduct" is in addition to the offense level determined under Chapters Two and Three of the Guidelines.  Further, application note 4(B)(ii) of § 4B1.5 states that "[a]n occasion of prohibited sexual conduct may be considered for purposes of subsection (b) without regard to whether the occasion (I) occured during the course of the instant offense...."  This language makes it quite clear that § 4B1.5(b)(1) is to be applied without regard to whether the pattern of sexual activity includes the instant offense or acts contained within the factual basis of the plea agreement, or relevant conduct on the defendant's part.

The Court also did not cite a specific departure provision in the guidelines when sentencing the defendant above the guidelines range. Instead, the Court opined that the guidelines range in this case would not adequately address the § 3553(a) factors in light of the nature and circumstances of the offense as well as the other evidence presented at the sentencing. Thus, the Court used an upward variance, not a departure, and therefore did not need to provide the defendant with notice under Rule 32(h). The Court also stated it would issue a written decision further stating its reasons for the variance upon request from either party.

THEREFORE, the United States requests that this Court deny defendant's motion to reconsider the sentence.

Respectfully submitted,

A. LEE BENTLEY, III
Acting United States Attorney

By:  *s/ Andrew C. Searle*
Andrew C. Searle
Assistant United States Attorney
USA No. 0143
400 West Washington Street, Suite 3100
Orlando, Florida  32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: andrew.searle@usdoj.gov

U.S. v. SHAWN ALAN MARSHALL          Case No. 6:13-cr-53-Orl-28KRS

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Stephen J. Langs,
Federal Public Defender's Office.

                          *s/ Andrew C. Searle*
                          Andrew C. Searle
                          Assistant United States Attorney
                          USA No. 0143
                          400 West Washington Street, Suite 3100
                          Orlando, Florida  32801
                          Telephone:  (407) 648-7500
                          Facsimile:  (407) 648-7643
                          E-mail:  andrew.searle@usdoj.gov