# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

-vs-                                                                                        Case No: 6:13-cr-53-Orl-28KRS

SHAWN ALAN MARSHALL

## ORDER

This Order is entered to explain the sentence imposed in this case, which exceeds the United States Sentencing Guidelines recommended range.

Defendant Shawn Alan Marshall appeared before me for sentencing after entering a plea of guilty to the offense of Knowingly Causing a Minor Female to Engage in Sexual Acts, that is, penetrating the minor female's vagina with his penis and causing his mouth to have contact with the minor female's vagina, by threatening the minor female or placing the minor female in fear, within the territorial jurisdiction of the United States, in violation of 18 U.S.C. §§ 2242(1) and 7.

Prior to the sentencing hearing, I reviewed the Presentence Report ("PSR") prepared by United States Probation Officer Angela D. Harris-Butler and the neuropsychological evaluation of Defendant. At the sentencing hearing, I heard the oral statement of the Defendant and argument from counsel as to what would constitute a reasonable sentence satisfying the requirements of 18 U.S.C. § 3553(a). The PSR, the neuropsychological evaluation, Defendant's statement, and the arguments of counsel were considered by me in determining a sentence.

**Calculation of Guidelines Score**

In crafting a reasonable sentence, the trial court must first correctly calculate the range of sentences called for by the United States Sentencing Guidelines ("USSG"). A calculation was initially done by Probation Officer Harris-Butler, and it is included in the PSR. Defendant objected to the Probation Officer's calculation, arguing that the enhancement for Repeat and Dangerous Sex Offender Against Minors under USSG § 4B1.5(b)(1) should not apply. At the hearing, I overruled this objection. I adopt the Probation Officer's calculation as part of my findings of fact.

The Base Offense Level pursuant to USSG § 2A3.1 is 30. As Specific Offense Characteristics, a total of 4 levels are added—2 levels pursuant to USSG § 2A3.1(b)(2)(B) because the offense involved a minor who had attained the age of twelve years but had not attained the age of sixteen years and 2 levels pursuant to USSG § 2A3.1(b)(3)(A) because the victim was in the custody, care, or supervisory control of Defendant. Additionally, 2 levels are added pursuant to USSG § 3A1.3 because the victim was physically restrained in the course of the offense. The Adjusted Subtotal Offense Level is therefore 36. A Chapter Four Enhancement pursuant to USSG § 4B1.5(b)(1) adds 5 levels to the Adjusted Subtotal Offense Level for a subtotal of 41.

Because Defendant accepted responsibility, the Adjusted Subtotal Offense Level is reduced 3 levels pursuant to USSG §§ 3E1.1(a) and (b). The resulting Total Offense Level is 38. Defendant has no prior convictions, so there are no Criminal History Points to consider and Defendant's Criminal History Category is I.

Accordingly, the Guidelines Sentencing range is 235 to 293 months imprisonment

followed by 5 years to life of supervised release. Notably, the charge to which Defendant pled guilty as stated above carries a sentence of any term of years or life, which defense counsel acknowledged in Defendant's Motion to File Report Under Seal (Doc. 36) and again at the sentencing hearing. Pursuant to 18 U.S.C. § 3663A, restitution shall be ordered in this case, to be determined at a later time. The fine range is $25,000 to $250,000 and Defendant is required to pay a special assessment of $100.

**Statutory Sentencing Factors**

A sentencing court is to impose a sentence that is sufficient but not greater than necessary to meet the statutory purposes of sentencing. In meeting that mandate a court must consider the advisory guidelines as well as the factors set forth in 18 U.S.C. § 3553(a)(1)-(7).

*18 U.S.C. § 3553(a)(1)—Nature and Circumstances of the Offense*

The facts relevant to sentencing are contained in the Presentence Report. The parties have not objected to those facts, and I have adopted them as my findings of fact. As detailed in paragraphs 8-17 of the Presentence Report, Defendant repeatedly raped his daughter beginning when she was 14 years old until the conduct was discovered when she was 17 years old. I cannot determine the number of occasions Defendant raped his daughter, but it is obvious from the information provided that the abuse was ongoing. This conduct occurred in the states of Hawaii and Florida.

The child complied with sexual demands of Defendant out of fear that he would inflict physical injury upon her if she refused. This fear was based in part on his explicit threats and in part on his violent behavior in the home. Specifically, Defendant told the victim that

if she reported his conduct, she would be responsible for destroying the family.

The sexual abuse delivered by Defendant included vaginal and oral penetration, and on occasion the acts were "aggressive and forceful." On at least one occasion Defendant pinned the victim's hands behind her back while vaginally penetrating her, and on another occasion, he wrapped a cord around her neck while administering the abuse. The acts would occur in the family home and in motels when the family was traveling in connection with Defendant's military service. The abuse would occur when the mother was working or when Defendant sent her on errands. Other times, Defendant would commit the abuse behind closed doors while other family members, including the victim's younger sisters, were in the house.

Defense counsel described this case as being among the most egregious in federal court. That description is accurate. The conduct of this Defendant was unusually cruel. Unlike so many crimes prosecuted in this court, there is a direct victim. That victim is a child who was entitled to the protection of a father. Defendant was a father only in a biological sense — he betrayed the trust he owed and deprived the victim of a normal childhood. The Government presented a letter from the victim's mother that described the devastation to Defendant's family caused by Defendant's conduct, but it understates the damage Defendant has inflicted on the victim.

The nature and circumstances of this offense weigh heavily against Defendant.

*18 U.S.C. § 3553(a)(1)—History and Characteristics of Defendant*

In assessing the history and characteristics of Defendant, I have relied on the Presentence Report, the reports of Jacquelyn Olander, Ph.D. and Susan Spicer, Ph.D.,

statements of counsel, and Defendant's statements at sentencing. The psychological reports are unremarkable. Defendant is of above average intelligence and is not diagnosed as having a mental illness. Defendant has a history of alcohol abuse, but he has no history of mental illness. He scores "high average" or "above average" on intelligence tests and has an "average" memory.

Defendant was one of seven children. At least five of his siblings are doing well; one is a housewife, one an attorney and state representative, one an accountant and pastor, one a government contractor, and one is a banker. Defendant does not know the occupation of one brother.

Defendant has served as a technician in the United States Air Force and attained the rank of E-7. He has twice been awarded the Air Force Commendation Medal and the Kuwait Liberation Medal.

Defendant has shown regret for his actions.

Apart from Defendant's conduct leading to the charges in this case, Defendant's history and characteristics do not weigh heavily one way or the other.

*18 U.S.C. § 3553(a)(3)—Kinds of Sentences Available*

As indicated by the Statutory Guidelines Score and the statutory maximum sentence of life in prison for the offense of conviction, a lengthy prison sentence is required in this case.

*18 U.S.C. § 3553(a)(4) and (5)—Sentencing Guidelines and Policy Statements*

The Court has considered the advisory sentencing guidelines and given them some weight. Although there is a 5-level increase pursuant to USSG § 4B1.5(b)(1), the guidelines

do not account for the duration of the abuse suffered by the victim. The guidelines also fail to adequately take into account the repeated threats made to victim in a successful effort to keep her from seeking help by reporting the abuse. Thus, Defendant was able to continue the abuse.

Neither the Probation Officer nor the parties have cited any relevant Guidelines policy statements.

*18 U.S.C. § 3553(a)(6)—Need to Avoid Unwarranted Sentencing Disparity*

I have given this factor careful consideration. Fortunately, cases similar to this are rare in federal court, making consideration of this factor more difficult to assess. To the extent there is disparity between the sentence imposed in this case and others involving the same offense of conviction, that disparity is accounted for by the facts contained in the Presentence Report and those summarized above. This factor does not weigh in favor of Defendant.

*18 U.S.C. § 3553(a)(7)—Need to Provide Restitution to Victims*

Restitution is an issue in this case, although the amount and method of payment have not yet been established. Regardless of the issue of restitution, the offense requires a lengthy prison sentence. The fact that the sentence imposed exceeds the Guidelines range is given no weight.

*18 U.S.C. § 3553(a)(2)(D)—Provide Defendant with Needed Education, Medical Care*

Defendant does not have a need for education or medical care.

-6-

*18 U.S.C. § 3553(a)(2)(B)—Deterrence, 18 U.S.C. § 3553(a)(2)(C)—Protection of the Public, and 18 U.S.C. § 3553(a)(2)(A)—Reflect the Seriousness of the Offense*

Of primary importance in sentencing is the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A). This factor encompasses all other sentencing factors. The conduct of Defendant was cruel and despicable. A lesser sentence would not meet these statutorily mandated goals of sentencing.

While a very lengthy prison sentence less than that imposed may meet the requirements that it provide protection to the public and deter Defendant from committing crimes in the future, the sentence imposed is necessary as deterrence to others.

**Conclusion**

In conclusion, I have considered the statutory purposes of sentencing and all of the statutory factors contained in § 3553(a) in determining the sentence in this case. I have exercised my discretion in determining the weight to be given to each. In the end, I come to the conclusion that a sentence of Life is the correct sentence for Defendant Shawn Alan Marshall. Defendant's Motion to Reconsider Sentence (Doc. 39) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on this 23 day of August, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Shawn Alan Marshall